UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Alan Miller, | ) | C/A No. 2:09-737-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Rock Hill Police Department c/o Rock Hill Law Enforcement Center, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, John Allan Miller, is an inmate with the South Carolina Department of Corrections. Proceeding *pro se*, Miller brings this action pursuant to 42 U.S.C. Section 1983. He complains that he has an upcoming state post-conviction relief hearing and that the defendants refuse to turn over certain documents that are critical to his presentation at that hearing.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the court should abstain from hearing the matter because *Younger v. Harris*, 401 U.S. 37, 44 (1971) and related cases counsel against federal court intervention in ongoing state criminal matters. As the Magistrate Judge points out, the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

plaintiff will have an adequate opportunity to raise his constitutional claims during the state post-conviction relief proceeding.  In addition, the plaintiff will have the opportunity to request that the state judge require the defendants to produce the documents allegedly in their possession for purposes of the upcoming hearing.

The plaintiff was apprised of his right to file objections to the Report and Recommendation which was entered on March 30, 2009, and has done so in a two-page objection memorandum filed with the court on April 3, 2009.  In the objection memorandum, plaintiff simply restates his original claim in his complaint.  Specifically, that the defendants have withheld unlawfully documents that the plaintiff needs in an upcoming PCR hearing.  However, the plaintiff has failed to properly document any objections to the Report itself.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation and the objections thereto, the court agrees with the Magistrate Judge's recommendation and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

April 29, 2009                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge